# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

GARRETT L. SHEETS                                                                     PLAINTIFF

V.                              NO. 5:17CV00243 JLH/PSH

NANCY BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Garrett L. Sheets, applied for disability benefits on June 13, 2014, alleging a disability onset date of January 1, 2008. (Tr. at 17). A prior claim was denied at the hearing level on December 16, 2011, so the relevant time-period for adjudication of benefits in this case is December 17, 2011 through the date last insured for Mr. Sheets, which is December 31, 2013. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") in this case denied Mr. Sheets' application. (Tr. at 29). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Sheets has requested judicial review.

For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Mr. Sheets had not engaged in substantial gainful activity during the relevant time-period of December 17, 2011 through December 31, 2013. (Tr. at 19). At Step Two of the sequential five-step analysis, the ALJ found that Mr. Sheets has the following severe impairments: degenerative disc disease, degenerative joint disease of the right shoulder, obesity, and post-traumatic stress disorder. (Tr. at 20).

The ALJ found that Mr. Sheets' impairment did not meet or equal a listed impairment. (Tr. at 20). Before proceeding to Step Four, the ALJ determined that Mr. Sheets had the residual functional capacity ("RFC") to perform work at the light level, with the following exceptions: he could perform work where the interpersonal contact is routine and superficial, the complexity of tasks is learned by experience, involves several variables, and involves the use of judgment within limits, and the supervision is little for routine, but detailed for non-routine tasks. (Tr. at 22).

The ALJ next found that Mr. Sheets was unable to perform past relevant work. (Tr. at 27). However, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Mr. Sheets' age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 28). Therefore, the ALJ found that Mr. Sheets was not disabled. *Id*.

## III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,

"substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B. Mr. Sheets's Arguments on Appeal

Mr. Sheets contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ erred at Step Two by not finding all of his impairments to be severe, and he asserts that the RFC provided for work beyond his functional capacity. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

As a preliminary matter, Mr. Sheets submitted medical evidence with his appeal brief that was not included in the administrative record. This evidence relates to a period well before the relevant time-period, and is thus not material to the issues raised herein. And Mr. Sheets has not demonstrated "good cause for the failure to incorporate such evidence into the record." *See* 42 U.S.C. § 405(g); *Hardy v. Chater*, 64 F.3d 405, 408 (8th Cir. 1995).

Mr. Sheets argues that the ALJ should have found hypertension, high cholesterol, sleep

apnea, heart disease, and irritable bowel syndrome to be severe impairments. The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). A physical or mental impairment must last or be expected to last not less than 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

There is little record of office visits or treatment with respect to these alleged impairments. In July 2012, Mr. Sheets was using a CPAP for treatment of sleep apnea but reported no problems with that treatment, and he was told to return to the clinic in one year for follow-up. (Tr. at 435-437). William Burnham, M.D., stated on February 21, 2013, that he was unable to confirm Mr. Sheets' reports of diagnosis of ischemic heart disease. (Tr. at 573). An abdominal CT scan proved negative and Mr. Sheets reported in October 2012 that his pain had resolved. (Tr. at 396, 586). Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Further, improvement in condition undermines a claim of disability. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). And Mr. Sheets did not complain of functional limitations arising from any of these impairments. The evidence does not show that the ALJ committed error at Step Two.

The mental and physical RFC assigned by the ALJ incorporated all of Mr. Sheets' impairments. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d

605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

As for back and shoulder pain, objective testing revealed only mild conditions. A cervical MRI taken on November 22, 2011 showed only mild degenerative changes with mild foraminal narrowing. (Tr. at 325-326). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). A lumbar MRI showed only mild spurring. (Tr. at 328-329). A shoulder MRI taken on April 7, 2011, revealed a small articular tear. (Tr. at 327). In April 2012, examination revealed no motor or sensory deficit (Tr. at 600), and in October 2012, Mr. Sheets had no motor weakness in his extremities and normal neurological testing. (Tr. at 585, 598). Mr. Sheets admitted that he had had only one injection for pain in his shoulder, and he did not see a pain specialist or engage in physical therapy. (Tr. at 55). The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Finally, Mr. Sheets admitted to helping with chores, doing some cooking, driving, and doing yardwork. (Tr. at 51-53, 237). Inconsistencies between subjective complaints of pain and daily living patterns diminish credibility. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). The RFC for light work properly incorporated the credible medical evidence.

As for mental allegations of disability arising from PTSD, the record does not show psychiatric treatment during the relevant time-period. The failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th

5

Cir. 1997). Moreover, neurological testing in 2012 was inconclusive because Mr. Sheets gave less than adequate effort and his motivation was questionable. (Tr. at 412-414). A lack of clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Additionally, mental status examinations in February 2014 and thereafter were grossly normal, revealing cooperative behavior, linear and logical thought process, fair insight and judgment, and good attention and concentration. (Tr. at 527, 540, 828). Mr. Sheets did not want to attend psychotherapy and said he did not need medication. (Tr. at 490, 527). Refusal to follow a prescribed course of treatment undercuts a claimant's allegations of disability. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997). The ALJ did credit some of Mr. Sheets' complaints and placed functional restrictions on Mr. Sheets based on symptoms from PTSD. The Court concludes that the RFC was appropriate based on the record as a whole.

## VI. Conclusion:

There is substantial evidence to support the Commissioner's decision that Mr. Sheets was not disabled. The ALJ fulfilled his duty at Step Two and the RFC properly incorporated all of Mr. Sheets' impairments. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 20th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE